ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL THOMAS, MD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN HARDER, SAURABH GUPTA, ERIN CRAMER, ROBERT CAHN, JAMES LACE, CHARLOTTE LIN, PATTI LOUIE, JENNIFER LYONS, ALI MAGEEHON, CHERE PEREIRA, CHRIS POULSEN, ANDREW SCHINK, JILL SHAW, ANTHONY DOMENIGONI, PAULA LEE-VALKOV, RICK GOLDSTEIN, ERIC BROWN, JASON BOEMMELS, DAVID FARRIS,<br><br>　　　　Defendants. | Case No.  3:22-cv-00944-JR<br><br>**RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO AMEND COMPLAINT** |

## INTRODUCTION

Plaintiff was given an opportunity to present facts that would demonstrate a basis for breaching immunity.  Instead, plaintiff liberally sprinkles the phrase "on information and belief" in his proposed Second Amended Complaint coupled with entirely unspecific and subjective

assertions. He also attempts to shift what he previously asserted was done by the Oregon Medical Board to its employee Eric Brown, in hopes of skirting the Board's absolute and qualified immunity.

This gambit should not succeed. What is clear is that plaintiff holds firm beliefs. What is also clear is that plaintiff has no basis for those beliefs. His worldview is the basis for concluding the OMB was out to get him and not merely engaging in its regulatory obligations. But he cannot provide any new firsthand facts, which is why he falls back on "on information and belief" again and again and again. But it is not information, but belief. And belief does not pass the test for allowing this matter to proceed.

## FACTS

Magistrate Russo on October 11, 2022 issued her Findings and Recommendations that the defendants' motion to dismiss be granted (Docket No. 11). The bases for that conclusion were that (1) the Oregon Medical board and its staff were entitled to absolute judicial immunity and (2) qualified immunity. Specifically, the Court said "All but one of the plaintiff's claims challenge the Board's investigation, documentation, and adjudication of his license suspension. None of the actions challenged are ministerial such that they fall outside the scope of judicial immunity articulated in *Mishler*." F&R at 6. Magistrate Russo further found that "even if defendants are not absolutely immune, they should be entitled to qualified immunity from damages." F&R at 7.

In addition, the Court rejected claims that the statutes used in the suspension process were unconstitutionally vague. F&R at 9.

Plaintiff objected and Judge Simon reviewed the Findings and Recommendations, and on February 8, 2023, upheld them (Docket No. 15). Plaintiff was granted thirty days in which to file a motion to permit the filing of an amended complaint. That said, Judge Simon noted that he agreed with the grants of absolute and judicial immunity. *Id.* Judge Simon also found that the non-OMB Board member defendants, staff to the OMB, were also entitled to absolute immunity

under ORS 677.335(1) and *Dover v. Haley*, 2013 WL 6190165 at *3 (D. Or. Nov. 26, 2013), *aff'd* 616 Fed. App'x. 295 (9th Cir. 2015).

Plaintiff has now proposed a new, Second Amended Complaint. It contains no new allegations about the members of the Oregon Medical Board. Rather, it focuses almost entirely on Board employee Eric Brown and, to a lesser extent on staff members Jason Boemmels and Dr. David Farris. Most of the new "allegations" are made "on information or belief," which means there is no actual factual support for these allegations; rather they are supposition about intent or mental state or matters about which plaintiff has no firsthand information. The phrase "on information or belief" appears twenty-two times in the proposed changes in the Proposed Second Amended Complaint ("PSAC"). PSAC ¶¶ 91 (twice), 92, 93, 113, 114, 115 (twice), 118, 119, 120, 123, 124, 125, 127, 130, 132, 135, 136, 142, 145, 146.

## ARGUMENT

### I. The standard on a motion to amend.

A party may amend its pleadings with the written consent of the adverse party or the court when time has elapsed to do so as a matter of right. The rule provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether leave to amend should be granted depends on consideration of the following factors: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-799 (9th Cir. 1991) (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)). "Leave to amend may be denied 'when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleadings.'" *Rice v. Comtek Mfg. of Oregon, Inc.*, 766 F.Supp 1550, 1551 (D. Or. 1990) (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1488 at 688 (2d ed. 1990)).

In the present circumstances, the key factor is the third, futility of amendment. As set forth below, none of the additional allegations take this case outside the realm of either prosecutorial or qualified immunity such that the action should be allowed to continue.

**II.     There is no change of allegations as regards the OMB Board members.**

Nothing in the Second Amended Complaint provides any new factual allegations against the members of the Oregon Medical Board.  Regardless of the Court's ultimate decision on whether to allow the PSAC to be filed, the continued inclusion of the members of the Oregon Medical Board should not be allowed.

**III.    The new allegations relating to OMB are insufficient to overcome immunity.**

The PSAC's new allegations relate solely to the three non-Board defendants.  At the outset, it should be noted that this Court has already agreed that they, too, are entitled to absolute immunity under ORS 677.355(1) and case law.  *Dover v. Haley*, 2013 WL 6190165 at *3 (D. Or. Nov. 26, 2013), *aff'd* 616 Fed. App'x. 295 (9th Cir. 2015).

That said, two further inquiries need to be addressed.  First, whether anything in the PSAC is sufficient to find supervisory liability on the part of Eric Brown or Dr. Farris; and, second, whether any of the PSAC's new allegations allege *facts* and not merely conclusions, that show any of Farris', Boemmels' or Brown's involvement in a deprivation of plaintiff's civil rights.  *Barren v. Harrington*, 153 FD.3d 1193, 1194 (9th Cir. 1998).

*No basis for a showing of supervisory Liability.*

As to the issue of supervisory liability, the basic rule is that there is no such thing in a Section 1983 action.  *Rise v. Oregon,* 59 F.3d 1556, 1563 (9th Cir. 1995).  What the Ninth Circuit has called supervisory liability — personal involvement in the constitutional privation and sufficient causal connection— is really an independent grounds for liability against the supervisor as an individual.  *Starr v. Baca*, 885 F.2d 642, 646 (9th Cir. 2011).

In that context, it is clear that no basis for supervisory liability has been adequately set forth in the PSAC.  The new allegations are as follows:

- PSAC ¶ 94: "On information and belief Eric Brown directed Jason Boemmels to pursue an investigation to find something to pin on Dr. Thomas."

Page 4 -    **RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO AMEND COMPLAINT**

● PSAC ¶ 146 "On information and belief, Farris directed Brown to write the Order with support from Boemmels."

Those are the only two new allegations that relate to supervisory authority. In one, Boemmels is directed to pursue an investigation, which is what he is paid to do, and plaintiff without specificity or firsthand knowledge claims it is "to find something to pin" on him. In the other, Dr. Farris is said to direct staff to write an Order, again, part and parcel of their responsibilities. Neither of these provides *facts* that demonstrate a constitutional deprivation.

*A lack of facts showing a deprivation of rights.*

Plaintiff's PSAC was also supposed to provide specific facts demonstrating a constitutional violation that would evade immunity. It does no such thing.

The new "facts" alleged in the PSAC are as follows:[1]

● PSAC ¶ 91: Without support, plaintiff alleges Boemmels was instructed to investigate plaintiff because of plaintiff's book.

● PSAC ¶ 92: Because plaintiff disagrees with a statement, he alleges, again without support, that it was "fabricated" and that Boemmels would not have done this on his own. This is speculation, not fact.

● PSAC ¶ 93: "On information and belief Eric Brown directed Jason Boemmels to pursue an investigation to find something to pin on Dr. Thomas * * *." Again, there is no claim to have any firsthand knowledge, and thus this cannot be considered "fact."

● PSAC ¶ 114: "On information and belief, Eric Brown, with the help of Boemmels concocted this false facts to aid the Board in its effort to silence Dr. Thomas." Again, this is projection of an assumed motivation, not a fact.

● PSAC ¶ 115: Plaintiff alleges that in the Order, Brown "on information and belief, invented new rules of practice." He does not identify where that happens in the Order or what the "new rules" were or why they were improper. Again, plaintiff appears to think that simply

---

[1] A number of additional allegations have been added addressing plaintiff's medical theories. *E.g.,* PSAC ¶¶ 70, 75-80. Those will not be discussed here.

Page 5 -   **RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO AMEND COMPLAINT**

making things up as he goes along and attaching "on information and belief" as if it were a talisman that changes speculation to truth is all that is required to negate immunity.

In this same paragraph, plaintiff alleges "On information and belief, Eric Brown fabricated evidence regarding Patient A in the Order. What evidence goes unsaid.

- PSAC ¶ 118: "On information and belief, Brown wrote the Order falsely to imply that it is a prerequisite that Dr. Thomas' patients commit to accepting a delayed vaccination schedule. All that is done here is that plaintiff is shifting the allegation from "the Board" to Brown. Nothing is otherwise new in the allegation, which this Court previously found insufficient.

- PSAC ¶ 119 "On information and belief, Eric Brown knowingly made this false allegation for the purpose of furthering the Board's campaign against Dr. Thomas." As with PSAC ¶ 114 and others, this is no more than a projection of assumed motivation. It also is added to an otherwise unchanged paragraph (formerly ¶ 101 in the First Amended Complaint) that was found legally insufficient.

- PSAC ¶ 120 contains another conclusory allegation that Brown fabricated evidence without any specificity, an allegation just like those in the prior complaint found to be insufficient.

- PSAC ¶ 125: "* * * Brown falsely implied that it was Dr. Thomas' fault that Patient C was not vaccinated for pertussis." Plaintiff now stoops to assuming his reading of a document to include assumptions of intent must be accepted, but those are not facts.

- Similarly, in PSAC ¶ 1217, plaintiff offers "Eric Brown wrote this deceptive description to intentionally create a false impression" which is no different than in the previous complaint other than to substitute Brown in for "The Board."

- In the very next paragraph, plaintiff alleges Brown "fabricated" an allegation, "intentionally" leaving out a fact. In plaintiff's mind, this is fraudulent misrepresentation. Again, however, that is subjective. PSAC ¶ 128.

- PSAC ¶ 130: Plaintiff asserts "on information and belief Eric Brown fabricated the illusions of culpability," which should be easily seen to be an entirely subjective assertion.

Similar conclusory statements that are unspecific and not factual also appear in PSAC Paragraphs 132, 136, 142, 145 and 146.

Essentially most of the new allegations are not facts at all, but merely subjective and unfounded imputations of motives. Such conclusory statements are not entitled to deference. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Nor should they be allowed to defeat immunity.

Because none of the new allegations are legally sufficient, permitting amendment would simply subject the PSAC to immediate dismissal and would, therefore, be futile.

### IV. Nothing has changed relative to the statutory claims.

Plaintiff has made no change to his Fifth Claim for Relief, challenging the constitutionality of various statutes, even though this Court found that claim to be without merit. Nor has plaintiff offered any basis in his motion to amend as to why that should be maintained. Regardless of the Court's ultimate decision on whether to allow the PSAC to be filed, the continued inclusion of the Fifth Claim for Relief should not be allowed.

### CONCLUSION

For the foregoing reasons, the motion to amend should be denied and this case should remain dismissed, this time with prejudice.

DATED March 17, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

  *s/ Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
Of Attorneys for Defendants