IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL THOMAS, MD, | Case No. 3:22-cv-944-JR |
| Plaintiff, | **ORDER** |
| v. | |
| KATHLEEN HARDER, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) in this case on June 5, 2023. Judge Russo recommended that this Court deny as futile Plaintiff's motion for leave to amend his complaint.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has

objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff objects to the finding that the staff of the Oregon Medical Board (OMB), who are not Board members, are entitled to absolute immunity. The Court has reviewed *de novo* the discussion of the F&R and adopts this portion.

Plaintiff also objects that the F&R improperly penalized Plaintiff for alleging facts "on information and belief." The F&R, however, specifically stated that alleging facts on information and belief was an acceptable pleading practice and "does not provide a basis for finding futility." ECF 20 at 6. The F&R noted generally that a party may be subject to sanctions if that party were to allege facts on information and belief and later it was discovered that the party had no good faith basis for alleging those facts at the outset. That is an accurate statement of the law. It provides no support for Plaintiff's objection that Judge Russo "should have determined that it was entirely appropriate for Dr. Thomas to plead facts on information and belief." Further, Plaintiff's request *is* the conclusion that Judge Russo reached. This objection is overruled.

Finally, Plaintiff contends that the F&R does not address whether the members of the OMB have absolute immunity, whether the challenged statutes are void for vagueness, and whether qualified immunity applies. Judge Russo, however, explained that Plaintiff intends to appeal the dismissal of the OMB members and thus continues to allege claims against them, Because the claims against them are barred by absolute prosecutorial immunity, however, the F&R recommends this Court find the claims against the OMB members futile and decline to allow leave to amend to the extent the second amended complaint includes claims against them. ECF 20 at 5. Judge Russo also noted that the Court previously had concluded that the statutes were not unconstitutionally vague and thus recommends the Court deny leave to amend to include the proposed Fifth Claim for Relief. *Id.* at n. 2. To the extent Plaintiff's argument can be construed as an objection that the F&R did not address the statutory claim or claims against the OMB members, those objections are overruled. To the extent the F&R is not clear that Plaintiff's proposed claims are also futile because the OMB members have absolute immunity, the statutes are not void for vagueness, and qualified immunity applies, the Court makes that express finding for the same reasons the Court previously dismissed Plaintiff's claims on those grounds.

The Court ADOPTS the Findings and Recommendation, ECF 11. The Court DENIES Plaintiff's motion for leave to amend, ECF 16. Because the Court has previously dismissed Plaintiff's claims and Plaintiff was unable to demonstrate that he can amend his complaint to bring viable claims, the Court DISMISSES this case with prejudice.

**IT IS SO ORDERED.**

DATED this 6th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER